DHR’s determination had a rational basis in the record and was not arbitrary and capricious (see generally Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363 [1987]). Petitioner failed to show that the nondiscriminatory reason offered by Beth Israel for terminating his employment, namely, his commission of “gross misconduct” by placing his hands on a coworker’s neck and threatening her, was a pretext for discrimination based upon his race, sex or national origin.
Petitioner was not prevented from showing pretext by DHR’s failure to make additional attempts to contact witnesses. The information supplied by the parties was sufficient for DHR to make its determination (see Matter of Pascual v New York State Div. of Human Rights, 37 AD3d 215 [1st Dept 2007]). Moreover, the record shows that the investigation conducted by DHR was sufficient and not one-sided, and that petitioner had a full and fair opportunity to present his own case (see id.; Matter of McFarland v New York State Div. of Human Rights, 241 AD2d 108, 112 [1st Dept 1998]).
We have considered petitioner’s remaining contentions and find then unavailing. Concur — Tom, J.P., Friedman, Renwick, Feinman and Clark, JJ.
Motion seeking leave for oral argument denied.